O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PERSONAL COMMUNICATIONS DEVICES, | ) ) ) | Case No. SACV 09-00516 DDP (ANx) |
| Plaintiff, | ) ) ) | **ORDER GRANTING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S** |
| v. | ) ) | **MOTION TO DISMISS** |
| PLATINUM CARGO LOGISTICS, INC., | ) ) ) | [Motion filed on 7/09/2010 and 8/2/2010] |
| Defendant. | ) ) ) | |

Presently before the court is Defendant Platinum Cargo

Logistics' ("Platinum") Partial Motion for Summary Judgment and

Plaintiff Personal Communications Devices("PCD")'s Motion to

Dismiss.  After reviewing the materials submitted by the parties

and hearing oral argument, the court grants the partial motion for

summary judgment, denies the motion to dismiss, and adopts the

following order.

**I.   Background**

On or around October 2, 2008, PCD tendered seven separate

consigned shipments containing mobile phones to Platinum.  (Compl.

¶ 9.)  PCD alleges that, together, the seven shipments were worth

1   $7,692,149.60.  (Id.)  Prior to tendering the goods, PCD prepared

2   an online bill of lading through Platinum's website, and signed an

3   agreement setting forth Platinum's standard terms and conditions.

4   (Compl. ¶¶ 27-28.)  PCD elected a declared value of $35,000 for

5   each shipment (totaling $245,000 for all seven shipments) on the

6   bill of lading.  (Compl. ¶ 28.)  Platinum accepted the declared

7   value of $35,000 in lieu of its standard limitation of liability of

8   50 cents per pound.  (Id.) Rather than declare the actual value of

9   each shipment and pay a higher freight rate, PCD obtained insurance

10  of $5 million per truckload.

11       According to PCD, the parties agreed that each consigned

12  shipment would be shipped "less than trailer load," i.e., that the

13  shipments would not be consolidated without notification.  (Compl.

14  ¶ 10.)  In contravention of the parties agreement, PCD contends,

15  Platinum consolidated the seven shipments without providing

16  notification.  (Id.)  Because PCD's shipping insurance policy

17  contained a $5 million dollar per truckload limit, Platinum's

18  consolidation of the shipment exposed PCD to considerable risk

19  (approximately $2.6 million of uninsured exposure).

20       Platinum, the Complaint alleges, subcontracted carriage of the

21  shipment to Defendant Celestial Freight Solutions, LLC

22  ("Celestial").  (Compl. ¶ 14.)  On October 2, 2008, two drivers

23  from Celestial picked up the shipment to transport it from Carson,

24  CA to Louisville, Kentucky. (Id.)  On October 3, 2008, the two

25  Celestial drivers reported the truck, trailer, and shipments

26  stolen.  (Compl. ¶ 16.)  According to the Complaint, the truck and

27  trailer were stolen from an unlocked truck yard in Santa Ana, CA,

28

where the drivers had, for reasons unknown, temporarily stored them.  (Id.)

On October 4, 2008, the Pasadena Police Department recovered the truck, but not the trailer containing the shipment.  (Compl. ¶ 17.)  On November 4, 2008, the North Port (Florida) Police Department recovered the trailer.  (Compl. ¶ 18.)  The shipment was never recovered.  (Id.)

PCD contends that the Celestial drivers were not properly trained, and that they failed to undertake the security precautions that Platinum guaranteed in the parties' agreement.  PCD also contends that Platinum: (1) refused to provide PCD with a copy of its tariff; (2) failed to use care in selecting a motor carrier; (3) wrongfully held out personnel as experienced; and (4) failed to "abide by reasonable standards of conduct in all pre-shipment processes.  (Opp'n 8:1-7.)

PCD submitted timely claims to its insurer, Fireman's Fund, but the claims were denied on the grounds that Platinum, and its agents, were responsible for the loss of the shipment.  (Compl. ¶ 21.)  Fireman's Fund subsequently sued PCD in federal district court seeking a declaration that PCD's insurance policy does not cover the loss of the shipment.[1]  (Compl. ¶ 20.)

PCD brought the present action, naming Platinum, Celestial, and the two drivers (Lai Dang and Thuong Trong) as defendants, on May 1, 2009.  The Complaint seeks $7,692,149 in damages and sets forth the following causes of action: (1) breach of contract

---

[1] The question whether the insurance policy covers PCD's loss is ultimately at issue in a related case, SACV 09-04916 DDP (Cwx)(the "Fireman's Fund case"), but is not currently before the court.

1   (against Platinum only); (2) breach of bailment obligations; (3)

2   negligence, gross negligence, recklessness and/or wilfulness; and

3   (4) conversion.  On October 6, 2009, this court concluded that the

4   Carmack Amendment preempts PCD's state law claims against Platinum

5   and Celestial, and dismissed all state law claims.  (Dkt. No. 37.)

6   Platinum now moves for partial summary judgment, arguing that the

7   Carmack Amendment limits Platinum's liability to $245,000, the

8   declared value of the seven stolen shipments.  (Dkt. No. 56.)  PCD

9   seeks to dismiss this case and resolve its dispute with Platinum as

10  part of the related Fireman's Fund case.  (Dkt. No. 61.)

11

12  **II.   Legal Standard**

13       A motion for summary judgment must be granted when "the

14  pleadings, depositions, answers to interrogatories, and admissions

15  on file, together with the affidavits, if any, show that there is

16  no genuine issue as to any material fact and that the moving party

17  is entitled to a judgment as a matter of law." Fed. R. Civ. P.

18  56(c).  A party seeking summary judgment bears the initial burden

19  of informing the court of the basis for its motion and of

20  identifying those portions of the pleadings and discovery responses

21  that demonstrate the absence of a genuine issue of material fact.

22  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

23       Where the moving party will have the burden of proof on an

24  issue at trial, the movant must affirmatively demonstrate that no

25  reasonable trier of fact could find other than for the moving

26  party.  On an issue as to which the nonmoving party will have the

27  burden of proof, however, the movant can prevail merely by pointing

28  out that there is an absence of evidence to support the nonmoving

4

party's case.  See id.  If the moving party meets its initial

burden, the non-moving party must set forth, by affidavit or as

otherwise provided in Rule 56, "specific facts showing that

there is a genuine issue for trial." Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 250 (1986).

It is not the Court's task "to scour the record in search of a

genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275,

1278 (9th Cir. 1996). Counsel have an obligation to lay out their

support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026,

1031 (9th Cir. 2001). The Court "need not examine the entire file

for evidence establishing a genuine issue of fact, where the

evidence is not set forth in the opposition papers with adequate

references so that it could conveniently be found."  Id.

The federal rules of civil procedure explain that an "action

shall not be dismissed at the plaintiff's instance save upon

order of the court and upon such terms and conditions as the

court deems proper." Fed. R. Civ. P. 41(a)(2). The decision to

allow dismissal rests in the Court's sound discretion.  Hamilton

v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir.

1982).

**III. Discussion**

The Carmack Amendment to the Interstate Commerce Act of 1887

generally limits a carrier's liability under an interstate bill of

lading to "the actual loss or injury to the property caused by" the

carrier. 49 U.S.C. § 14706(a).  However, a carrier such as Platinum

may establish rates "under which the liability of the carrier . . .

is limited to a value established by written or electronic

declaration of the shipper or by written agreement between the

1  carrier and shipper if that value would be reasonable under the

2  circumstances surrounding the transportation." 49 U.S.C. §

3  14706(c)(1)(A).  The court agrees with Platinum that PCD's

4  declaration of a $35,000 value per shipment, along with the written

5  agreement between Platinum and PCD, limits Platinum's liability to

6  $245,000, the declared value of the lost shipments.

7      To successfully limit its liability under the Carmack

8  Amendment, a carrier must (1) give the shipper a reasonable

9  opportunity to choose between levels of liability, (2) obtain an

10 agreement as to the shipper's choice of carrier liability, and (3)

11 issue a bill of lading prior to shipment.  See, e.g. Hughes

12 Aircraft Co. V. North Am. Van Lines, 970 F.2d 609, 611-12 (9th Cir.

13 1992); see also Atlantic Mut. Ins. Co. v. Yasutomi Warehousing and

14 Distribution, Inc., 326 F.Supp.2d. 1123, 1126-27. (C.D. Cal. 2004).

15     Where a limitation of liability is unreasonable under the

16 circumstances surrounding a shipment, this court has declined to

17 limit liability under § 14706(c)(1)(A).  See, e.g., Cons.

18 Freightways Corp. of Del. V. Travelers Ins. Co., 2003 WL 2215968 at

19 *5 (N.D. Cal. 2003) (finding no limitation of liability where

20 carrier sought a limitation of less than 0.08 percent of actual

21 loss and shipper had no reasonable opportunity to choose between

22 levels of liability).  Here, through active discussions with

23 Platinum, PCD elected the $35,000 declared value on a bill of

24 lading that PCD itself prepared.  (Declaration of Rick Wohlberg In

25 Opposition to Platinum Cargo Logistics, Inc.'s Motion for Partial

26 Summary Judgement ¶¶ 4, 14.)  Nevertheless, PCD now contends that

27 $35,000 per shipment is not a reasonable value, and that the

28 liability limitation of § 14706(c)(1)(A) does not apply.  This

1 argument is not persuasive.  PCD consciously elected *not* to seek
2 liability for the actual value of the shipments because PCD (1)
3 sought to avoid additional shipping costs and (2) had obtained
4 insurance coverage sufficient to cover total loss.[2]  (Wohlberg Dec.
5 ¶ 5.)  Under such circumstances, the $35,000 limitation of
6 liability was not unreasonable.

7     PCD also argues that the $35,000 declared value was not a
8 limitation of liability.  This argument fails.  Platinum's Terms
9 and Conditions of Contract stated that "Platinum's liability, *in*
10 *the absence of a higher declared value for carriage*, is limited to
11 a minimum of $50.00 per shipment . . . ."  (Declaration of Kelli
12 Spiri in Support of Platinum Cargo Logistics Inc.'s Motion for
13 Partial Summary Judgment ¶ 7 (emphasis added)).  PCD selected
14 the higher, $35,000 declared value for carriage rather than
15 Platinum's standard limitation.  The Terms and Conditions of
16 Contract included an integration clause, which superseded any prior
17 oral discussions that may have taken place.  (Spiri Dec., Ex. C)
18 PCD cannot now assert that it did not have notice of the $35,000
19 limitation when PCD itself, after discussions with Platinum,
20 selected that figure.

21     Furthermore, this court has found that a shipper's acquisition
22 of cargo insurance demonstrates that the shipper had notice of the
23 carrier's limited liability.  Yasutomi, 326 F.Supp. at 1128.
24 "[T]he function served by notice of limited liability is
25 accomplished if the shipper in fact purchases separate insurance,
26 whether or not such notice is actually given."  Id., citing Read-

27 _____

28     [2] As discussed above, the actual value of PCD's insurance
coverage is not at issue here.  See n.1, supra.

7

1  Rite Corp. v. Burlington Air Express, Ltd., 186 F.3d 1190, 1198

2  (9th Cir. 1999) (internal quotation marks omitted).  Here, PCD

3  selected an alternative limitation of liability and obtained

4  insurance for its cargo.  There is no issue of material fact as to

5  the $35,000 per shipment limitation of liability.

6      PCD's remaining arguments are also unavailing.  This circuit

7  has never extended the admiralty concept of material deviation to

8  Carmack Amendment cases.  PCD's reliance on Coughlin v. Trans World

9  Airlines, Inc., 847 F.2d 1432 (9th Cir. 1988) is misplaced.

10 Coughlin did not concern a Carmack Amendment claim, and cannot

11 support the proposition that material deviation should be extended

12 to the Carmack context.  To the contrary, the Ninth Circuit has

13 applied Carmack Amendment limitations of liability even when a

14 carrier fails to provide a special condition in the contract of

15 carriage.  See Hughes, 970 F.2d at 610-13.

16     PCD's allegation that Platinum wrongly refused to provide a

17 copy of its tariff, as Platinum is required to do under U.S.C. §

18 14706()(1)(B), has no bearing on whether the liability limitation

19 requirements of § 14706(c)(1)(A) have been met.

20     Accordingly, the court concludes that the Carmack Amendment

21 limits Platinum's liability to $245,000.

22

23

24

25

26 ///

27 ///

28 ///

**IV.  Conclusion**

For the reasons set forth above, the Court grants the Partial
Motion for Summary Judgment.  The court therefore denies the Motion
to Dismiss as moot.


IT IS SO ORDERED.



Dated: September 3, 2010

DEAN D. PREGERSON
United States District Judge