O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PERSONAL COMMUNICATIONS DEVICES, | ) ) ) | Case No. SACV 09-00516 DDP (ANx) |
| Plaintiff, | ) ) | **ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION** |
| v. | ) ) | |
| PLATINUM CARGO LOGISTICS, INC., | ) ) ) | [MotionS filed on 12/22/2010 ] |
| Defendant | ) ) ) | |
| _____ | ) | |

Presently before the court are Plaintiff's Motion for Reconsideration of Partial Summary Judgment Entered in Favor of Platinum Cargo Logistics, Inc. (Dkt. No. 87) and Plaintiff's Motion for Reconsideration of Partial Summary Judgment Entered in Favor of Celestial Freight Solutions, Inc. (Dkt. No. 88). Having reviewed the submissions of the parties, the court DENIES the motions and adopts the following order.

**I. Background**

As described more fully in this court's earlier orders, Plaintiff Personal Communications Devices ("PCD") tendered seven shipments of mobile phones to Defendant Platinum Cargo Logistics,

Inc. ("Platinum") for transportation from California to Kentucky.[1] Rather than accept Platinum's standard limitation of liability, PCD elected a higher declared value of $35,000 per shipment, totaling $245,000. PCD also obtained insurance of $5 million per truckload.

According to PCD, the parties agreed to follow certain security procedures, including separate transportation of the seven phone shipments. However, contrary to the agreement of the parties, PCD alleges, Platinum consolidated the seven phone shipments into one truckload, valued at approximately $7.7 million. One day after Celestial picked up the shipment for transport, the truck, trailer, and phones were stolen from an unlocked truck yard. The phones were never recovered.

PCD brought suit against Platinum, Celestial, and the truck drives asserting causes of action for (1) breach of contract$_1$ (against Platinum only); (2) breach of bailment obligations; (3) negligence, gross negligence, recklessness and/or wilfulness; and (4) conversion. On October 6, 2009, this court dismissed Platinum's state law claims as preempted by the Carmack Amendment to the Interstate Commerce Act of 1887, 49 U.S.C. § 14706. (Dkt. No. 37).

Platinum then moved for partial summary judgment, seeking to establish that Platinum's liability under the Carmack Amendment is limited to $245,000.[2] (Dkt. No. 56). On September 22, 2010, the court granted the partial motion for summary judgment with respect

---

[1] Platinum subcontracted carriage to defendant Celestial Freight Solutions, Inc. ("Celestial").

[2] Celestial joined in Platinum's Motion for Partial Summary Judgment. (Dkt. No. 58).

to both Platinum and Celestial. (Dkt. No. 75). PCD now moves for reconsideration of the court's September 22 order.

**II. Legal Standard**

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). In addition, Local Rule 7-18 provides that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

**III. Discussion**

A. Platinum

In its motion for reconsideration, PCD argues that compliance with the agreed-upon security procedures is a condition precedent to Platinum limiting its liability to $245,000. (Memorandum in Support of Plaintiff's Motion for Reconsideration (Dkt. No. 87) at 6). PCD asserts that this court failed to consider these security agreements in granting partial summary judgment to Platinum. (Plaintiff's Reply at 1, 3).

The Carmack Amendment generally limits a carrier's liability to the actual loss or injury caused by the carrier. 49 U.S.C. §

3

14706(a). A carrier may, however, under certain circumstances, limit its liability to some other reasonable value. 49 U.S.C. § 14706(c)(1)(A). In order to successfully limit liability under the Carmack Amendment, a carrier must (1) give the shipper a reasonable opportunity to choose between levels of liability, (2) obtain an agreement as to the shipper's choice of carrier liability, and (3) issue a bill of lading prior to shipment. See, e.g. Hughes Aircraft Co. V. North Am. Van Lines, 970 F.2d 609, 611-12 (9th Cir. 1992); see also Atlantic Mut. Ins. Co. v. Yasutomi Warehousing and Distribution, Inc., 326 F.Supp.2d. 1123, 1126-27. (C.D. Cal. 2004).

In granting partial summary judgment to Platinum, this court concluded that Platinum satisfied the three Carmack Amendment requirements. Amended Order Granting Defendant's Partial Motion for Summary Judgment (Dkt. No. 75) at 8. In its motion for reconsideration, PCD does not contest this conclusion. Instead, PCD suggests that Platinum must meet an additional requirement: compliance with the terms of the contract (namely, the security provisions).

PCD points to out of circuit precedent for the contention that liability provisions must be "strictly construed" and "carefully scrutinized" and "strictly construed." Emerson Elec. Supply Co. v. Estes Express Lines, Corp., 451 F.3d 179, 186 (3d Cir. 2006); St. Paul Fire & Marine Ins. Co. v. Schneider Nat'l Carriers, Inc., 2006 WL 522455 at *7 (S.D.N.Y. 2006). Regardless of the level of scrutiny applied, however, courts agree that the factors relevant to the liability inquiry are the three factors set out in Hughes. See Emerson Electric, 451 F.3d at 186, St. Paul Fire, 2006 W.L. 522455 at *8. PCD does not cite, nor is the court aware of, any

4

authority supporting the proposition that carriers must go beyond the Hughes requirements to successfully limit liability under Carmack.

Furthermore, PCD's argument suffers from circular reasoning. PCD's only remaining claim is a Carmack Amendment for breach of contract. PCD argues here that (1) Platinum failed to limit its liability for breach of contract because (2) Platinum breached the contract. Such an approach, under which a carrier could only limit its liability through compliance with the terms of the contract, would render Hughes, and any attempt at limitation of liability, meaningless.

B. Celestial

Though PCD did not object to Celestial's joinder in Platinum's Motion for Partial Summary Judgment, PCD now argues that Celestial, as a subcontractor, does not enjoy the benefit of Platinum's limitation of liability. (Memorandum in Support of Plaintiff's Motion for Reconsideration of Partial Summary Judgment Entered in Favor of Celestial Freight Solutions, Inc. (Dkt. No. 88) at 4. To support this argument. PCD cites to Royal & Sun Alliance Ins. PLC v. UPS Supply Chain Solutions, Inc., 2010 WL 3000052 (S.D.N.Y.) July 23, 2010. Royal, however, was decided in the Southern District of New York, and is not binding on this court. Furthermore, Royal was decided prior to PCD's opposition to Platinum's Motion for Partial Summary Judgment, and roughly five weeks prior to this court's hearing on the matter. Accordingly, Royal provides no basis for granting reconsideration of this court's order with respect to Celestial. See Carroll, 342 F.3d at 945; C.D. Cal. L.R. 7-18.

**IV. Conclusion**

The court has considered the security provisions of the contract of carriage referenced in PCD's Motion for Reconsideration. Those provisions do not affect the court's conclusion that Platinum complied with the requirements of the Carmack Amendment, and successfully limited its liability to $245,000. There has been no intervening change in controlling law. Accordingly, PCD's Motions for Reconsideration are DENIED.

IT IS SO ORDERED.

Dated: July 29, 2011

DEAN D. PREGERSON
United States District Judge